IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JULIE A. WOODROME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-0288-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Julie A. Woodrome seeks judicial review[1] of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on February 9, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Statement of Facts

Plaintiff was born in March of 1971 and was 32 years of age on the date of her alleged onset of disability. Plaintiff has a tenth grade education. Plaintiff has past relevant work as a laundry worker, a medium exertion unskilled job. On July 20, 2007, plaintiff filed a Title II application for disability and disability insurance benefits. Plaintiff also filed a Title XVI application for SSI on July 20, 2007. In both applications, plaintiff alleges onset of disability

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

beginning on January 24, 2004.  These claims were denied initially on October 23, 2007.  Thereafter, plaintiff filed a request for a hearing, and on September 4, 2009, a hearing was held before a Social Security Administration Administrative Law Judge (ALJ).  On December 11, 2009, the ALJ determined that plaintiff has not been under a disability as defined in the Social Security Act from January 24, 2004, through the date of the decision.  The Appeals Council denied plaintiff's request for review.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.  As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of

2

vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Here the ALJ found that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2008. The ALJ further determined that plaintiff has not engaged in substantial gainful activity since January 24, 2004, the date of plaintiff's alleged onset of disability. The ALJ found that plaintiff had the following severe impairments: obesity, hepatitis C, sleep apnea, carpal tunnel, chronic obstructive pulmonary disease, erythema nodosum, depression, anxiety, personality disorder, and alcohol abuse in partial remission. The ALJ found that plaintiff did not have an impairment or combination of impairments the meets or medically equals one fo the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. After consideration of the entire record, the ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(B) and 416.967(b). The ALJ set forth specific limitations to accommodate plaintiff's impairments. The limitations included: cannot perform forceful gripping with either hand; respiratory problems keep her from being exposed to concentrated amounts of pulmonary irritants; psychological problems limit her to unskilled routine work with only occasional changes in her work process; no production rate pace requirements; no contact with the general public; and only occasional contact with coworkers and supervisors. With the assistance of a vocational expert's opinion, the ALJ determined that plaintiff could not do her past relevant work, but that she could perform limited range of light exertion unskilled work. The vocational expert testified that in considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in the national economy that plaintiff can perform.

Plaintiff argues the ALJ's decision is in err because (1) the ALJ failed to properly consider third party observations and information as to plaintiff's impairments; (2) the ALJ failed to properly consider plaintiff's obesity; (3) the ALJ erred in relying on the opinion of Dr. Allen; (4) the RFC fails to properly reflect consequences of plaintiff's severe impairments; and (5) the ALJ failed at Step 5 to show plaintiff could do other work.

3

Case 4:11-cv-00288-MJW   Document 18   Filed 05/10/12   Page 3 of 6

The Commissioner argues that substantial evidence supports the ALJ's evaluation of plaintiff's subjective allegations; the ALJ properly gave weight to the opinion of the state agency psychologist consultant; the ALJ properly assessed plaintiff's limitations; and the ALJ properly demonstrated other work plaintiff could perform.

Upon review of the arguments presented by the parties in their briefs and at the hearing, this Court finds that the decision of the ALJ is supported by substantial evidence in the record as a whole. First, due to the substantial record in this case, the ALJ is not required to catalog each piece of evidence; rather, the Court assumes the ALJ considered the entire record unless there is evidence to the contrary.

As to the weight given to the consulting physician, Dr. Allen, the Court notes that it is plaintiff's burden to show disability, not the Commissioner. 20 C.F.R. § 416.920(a)(4)(ii), Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007). Moreover, the ALJ did not err in the weight given to Dr. Allen. The report of Dr. Allen was consistent with the record evidence. See SSR 96-6p ("[i]n appropriate circumstances, opinions from state agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources."). Although Dr. Allen did not have access to records after March 10, 2006, because that was the date he gave his medical opinion, the psychology records that post-date Dr. Allen's consultive report do not provide a reason for the ALJ to substantially question the prior opinion of Dr. Allen. See Casey v. Astrue, 503 F.3d 687, 694 (8th Cir. 2007) (finding that the ALJ properly considered the opinion of a state agency medical consultant who did not have "access to later diagnoses").

As to plaintiff's limitations, this Court finds that the ALJ properly accounted for plaintiff's impairments in the limitations specifically set forth in the RFC. The Commissioner properly relied upon both plaintiff's credible subjective complaints and the objective medical evidence. An RFC calculation need only include plaintiff's credible limitations. Tindell v. Barnhart, 444 F.3d 1002, 1007 (8th Cir. 2006).

Plaintiff's argument that the record was not properly developed is not supported by the evidence. A consultive medical examination is required only when the evidence as a whole is not sufficient to support a decision on a claim. 20 C.F.R. § 416.919a(b). The regulations state

4

that the plaintiff is responsible for providing medical evidence to show he is disabled. 20 C.F.R. §§ 404.1519a(b) and 416.919a(b). Here there is no indication the ALJ was unable to assess plaintiff's impairments. The ALJ found there was sufficient evidence in the record as a whole to support her decision. The ALJ made no reference to an incomplete or insufficiently developed record, but rather, simply found that the evidence of record does not support plaintiff's claims.

Finally, the ALJ properly relied on the vocational expert's testimony in determining that there were jobs, in substantial numbers, which exist in the national economy that plaintiff could perform despite her impairments. As to plaintiff's argument that the ALJ did not resolve the vocational expert's testimony with the Dictionary of Occupational Titles before relying on the vocational expertise, this is without merit. The vocational expert's testimony that plaintiff could perform light, unskilled jobs, and then noted jobs of office helper, grinder operator and wire prep machine tender, is not inconsistent with the ALJ's hypothetical or the opinion of Dr. Allen, to which the ALJ gave great weight. Here the state agency psychological consultant, Dr. Allen, did not opine that plaintiff's impairments would completely prevent her from understanding, remembering or carrying out detailed instructions (level two reasoning). Further, the ALJ did not adopt the opinion of Dr. Allen, the state agency consultant, but rather gave great weight to it. Additionally, the Eighth Circuit has found no direct conflict between "'carrying out simple job instructions' for 'simple routine and repetitive work activity' . . . and the vocational expert's identification of occupations involving [level two reasoning]." Moore v. Astrue, 623 F.3d 599, 604 (8th Cir. 2010). The Eighth Circuit explained that jobs with level two reasoning involve instructions that are "potentially detailed" but not "complicated or intricate." Id. The vocational expert's testimony that plaintiff could perform other work constitutes substantial evidence supporting the Commissioner's decision. See Gragg v. Astrue, 615 F.3d 932, 941 (8th Cir. 2010).

**Conclusion**

For the reasons set forth above, this court finds that the ALJ's decision is supported by substantial evidence in the record.

IT IS, THEREFORE, ORDERED that the decision of Commissioner is affirmed and this case is closed.

5

Dated this 10th day of May, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge